*92
 
 Jones, J.
 

 One of the chief contentions of counsel for defendant is that, since there was no proof of negligence in the discharge of the gun by defendant, the verdict of the jury can be sustained only by the application of the doctrine
 
 res ipsa loquitur, i. e.,
 
 that mere proof of the injury raised a presumption of negligence which required explanation on the part of the defendant.
 

 In the instant case we are not concerned with the application of that rule for two reasons: The court confined its charge to the issues of negligence and contributory negligence made by the pleadings and proof. Nowhere in its charge did the court allude to the doctrine referred to, nor did he require the defendant to assume the burden of explaining how the accident occurred. The court fully stated the issues to the jury and placed the burden of proving negligence upon the plaintiff. In its charge the court said: “Was defendant negligent in one or more of the particulars set forth in the petition, and if so negligent, was defendant’s negligence the proximate cause of injury and damage to plaintiff? Plaintiff has the burden of proving these issues by a preponderance of the evidence.”
 

 The testimony disclosed that four people, including plaintiff and defendant, were engaged in a hunting expedition, all, except the plaintiff, walking nearly abreast about fifteen or twenty feet apart; the plaintiff, being about fifteen feet to the left of and in front of the defendant, was somewhat ahead of the general line of advance. The defendant was called for cross-examination. He testified that his gun was equipped with a safety device, and was in perfect condition; that the safety was on when it
 
 *93
 
 was discharged. He testified that he did not touch the safety, and could not account for the gun’s discharge. He further testified that the gun was discharged while under his arm, and that he probably had his hand in his coat at the time; that he paid no attention to those in the hunting party, but that each was perfectly visible had he looked, and that the rabbit jumped up in front of him and ran in the general direction of the plaintiff.
 

 Under the situation thus developed, the court charged the jury as follows: “Negligence is a failure to do what a reasonable and prudent person would ordinarily have done under all the conditions and circumstances of the particular situation, or the doing of what such a person under such conditions and circumstances would not have done. In other words, it is the failure to exercise ordinary care. ’ ’
 

 The plaintiff testified that the defendant shot a little beyond the'rabbit which ran in his direction; and, in answer to a question, he said: “Why, he shot a little beyond the rabbit. The rabbit was in front of me and he shot a little to the left of the rabbit.” Whether, under the circumstances testified to, the plaintiff being to the left of and in front of the defendant, and the rabbit running in that general direction, the defendant was careless in failing to have his safety device secured, or was careless in failing to observe the plaintiff and in causing the gun to be discharged without such precaution for plaintiff’s safety as ordinarily prudent men would take under the same circumstances, were questions for the jury’s determination. The jury returned a general verdict finding the issues in favor of the plaintiff, and we are not disposed to disturb that
 
 *94
 
 verdict under the claim that there was no evidence to sustain it.
 

 A situation peculiarly similar to this was disposed of by the Supreme Court of Pennsylvania in
 
 Winans
 
 v.
 
 Randolph,
 
 169 Pa., 606, 32 A., 622. In that case, also, the plaintiff and defendant were hunting with three or four others, plaintiff walking some ten or twelve feet ahead of the defendant. While walking in that manner the hammer on the defendant’s gun was caught by a twig or bush, causing the gun’s discharge and a serious injury to plaintiff. The Supreme Court of Pennsylvania affirmed a judgment for plaintiff, and approved the following charge given by the trial court: “If the injury which resulted, and as to which there is no controversy, is one which ordinary care and foresight might not have reasonably anticipated, the defendant is not liable in this action. If, on the other hand, from the nature of the instrument, the position of the parties, the situation as to the position of timber, bushes, or undergrowth, the position of the gun in its relation to the person injured, the defendant ought to have foreseen that there might be such an accident as this, — if it was a suggestion of ordinary prudence and foresight that the plaintiff might be injured by the discharge of the defendant’s gun, —he would be responsible in damages for the negligence.”
 

 The written request contained in the statement of facts asked by the defendant to be given before argument, and refused by the court, should have been given for the obvious reason that, if the jury found that the discharge of the gun was accidental and without fault of the defendant, there could cer
 
 *95
 
 tainly be no recovery. Manifestly, if the defendant was without fault, that is if he used ordinary care under the circumstances, there could be no recovery upon the part of the plaintiff. In refusing to submit that request to the jury before argument the court erred. However, this error would not be prejudicial, in view of the jury’s answer to interrogatory No. 1, finding the defendant negligent, were that the only interrogatory submitted. Had that been the state of the record, and had interrogatory No. 2 not been requested and refused, we would feel disposed to affirm this judgment.
 

 It is to be borne in mind that there were two specific allegations of negligence contained in the petition, the proof of either of which would sustain a recovery in the absence of contributory negligence, and in this situation the defendant sought to elicit from the jury whether either or both of these negligent acts had been proven. The interrogatories were subdivided, but they could as well have been embodied in a single interrogatory, such as: “Was the defendant negligent; if so state of what that negligence consisted.” The particular questions of fact “contemplated by the statute are those, the answers to which will establish ultimate and determinative facts, and not such as are only of a probative character.”
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 216, 54 N. E., 89;
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 64 N. E., 437. The particular question of fact sought to be elicited from the jury by the second interrogatory was an ultimate and determinative fact, and not of a probative character. Had there been but a single act of negligence pleaded, there could have been no
 
 *96
 
 prejudice in view of the answer to the first interrogatory; but where more than one specific act of negligence is pleaded and relied on, either of which if proven would sustain a recovery, under Section 11463, G-eneral Code, the parties are entitled to a finding eliciting from the jury what particular act or acts of negligence they find the defendant to be guilty of. We think this principle is sustained in the case of
 
 Brown Land Co.
 
 v.
 
 Lehman,
 
 134 Iowa, 712, 112 N. W., 185, 12 L. R. A. (N. S.), 88. The purpose of the statute is to elicit facts whereby the correctness of the general verdict may be tested. If it should appear that the jury had specifically found a single act of negligence, which finding had no proof whatever to sustain it, manifestly the general verdict could not stand; or, if error may have crept into the court’s charge in respect to one of the specific acts of negligence, it might not be prejudicial if the jury returned a finding of negligence respecting another and different act pleaded and proven.
 

 The trial court erred in refusing to give defendant’s request asked to be given before argument,' and in refusing to submit special interrogatory No. 2, also requested by the defendant. The judgment of the Court of Appeals will be reversed, and the cause remanded to the court of common pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.
 

 Marshall, C. J., concurs in propositions 1 and 2 of the syllabus and in the judgment.