## GRADISON CONSTRUCTION CO v BRAUN

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff in error.
.Riesenberg, Cohen & Steltenpohl, Cincinnati, for defendant in error.

HAMILTON, J.

It is argued that there was no question of **respondeat superior,** as the Gradmont Haulage Company was an independent contractor; that the driver of the truck and its operation were under the control of the Haulage Company. It is true there is no question of **respondeat superior** involved. Under the pleadings, it is a question of concurrent negligence of two contractors, the concurrent acts of whom, it is claimed, caused the injury. If the jury believed the evidence produced, the Gradmont Haulage Company was negligent.

The difficult question in the case is as to whether or not the Gradison Construction Company owed any duty to the plaintiff, as a member of the public, in failing to provide warning or other safe methods for the traveling public lawfully using the newly constructed road. The road was open to the public, and the defendant in error was lawfully traveling the road. While it is true the Gradmont Haulage Company was an independent contractor, in so far as its special work was concerned, it was also under the general contractor's direction in the placing of the dirt, which required the use of the traveled portion of the way for placing. That this was so is shown by the record, page 226 of the bill of exceptions, where one Rodgers, a witness for the defense, in his examination in chief, testified as follows:

"Q. I wish you would tell in your own words just what happened; describe that accident to the jury.

"A. You see my foreman put me down on the road to dump these trucks. He showed me where to dump the trucks so I did so. Well, two cars come down the road before I turned the truck. I looked to see if anybody was coming, and so I see these two cars coming and I flagged them down. They stopped. Well, I got my truck catty-cornered across the road. Well, I looked up again. Here comes a lady in a car. I kept flagging her. I seen she wasn't going to stop. I run out of the way and I seen she—if I hadn't run she would mash me. Mr. Coffee (the driver of the truck) when she hit the truck it knocked the car off the road * * *."

There is other evidence in chief and on defense to the effect that the Gradison Construction Company, the general contractor, was finishing the work of construction by placing of the dirt for the berming. This necessitated the direction of the truck in its position for dumping. A man was placed in charge of this work by the general contractor. The Gradison Construction Company, knowing the use of the roadway in dumping the dirt, did owe a duty to the traveling public, of which the plaintiff below was one, to protect or warn the public of the operation of the truck in dumping the dirt. The man was there for that purpose. He directed the truck where to dump the dirt, which necessitated the turning out of the truck into the traveled portion of the way, and, according to the plaintiff's evidence, gave no warning or signal, and while this is disputed by the defense evidence, it was a jury question.

The jury necessarily found that the operation of the truck by the Gradmont Haulage Company in the turning of the truck without giving a signal or warning, and in the failure of the Construction Company to warn the plaintiff below of its intention to turn out the truck were concurrent acts of negligence for which the Gradison Construction Company and The Gradmont Haulage Company were jointly liable, and it was justified in so finding.

The plaintiff in error complains of the refusal of the trial court to give three special charges, the first of these is:

"The Court charges you that the Gradison Construction Company was under no duty to provide watchmen or other warning to protect the plaintiff from the negligence of others."

Under the facts there was a duty on the part of the Gradison Construction Company to protect plaintiff in the operation of the truck, in turning out thereby blocking the highway, she being a member of the traveling public. This is a case of concurrent negligence.

In the case of **Warden v Pennsylvania R Co., 123 Oh St, 304** (175 N. E. 207) the syllabus is as follows:

"Where a person employs a contractor upon construction in a place where the public may lawfully pass, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken, and becomes liable jointly with

the contractor for the failure of the latter to exercise due care.

"Whether danger to the public is likely to attend construction in public place is question for jury."

The charge requested was properly refused.

The second and third charges requested do not state the law applicable to all the facts in the case and are misleading.

Error is claimed in the refusal of the trial court to submit to the jury the following special interrogatory:

"If you return a general verdict in this case you will answer the following question: 'What was the proximate cause of such injury as you may find the plaintiff to have suffered?'"

In support of this claim of error, counsel for plaintiff in error cites the late case of **Davison v Flowers, 123 Oh St 89 (174 N. E. 137).** At first blush, it would seem that the Supreme Court had somewhat modified the rule of law as laid down by it in the case of **Steel Co v Ianakis, 93 Oh St 300,** and **Rubber Co v Lansinger, 108 Oh St 377.**

A request for a special finding of fact is based on §11,463 GC. In passing on the refusal of the trial court to submit a special interrogatory, the Supreme Court states in the second paragraph of the syllabus in the Lansinger case:

"An interrogatory sought to be submitted under that Section, (11463) requesting the jury to find as to 'reasonable warning,' reasonable signals, or reasonable care, and the like, calls for conclusions of fact, or conclusions of mixed fact and law, and is not authorized by the statute."

In the opinion in the Steel Company case it is stated:

"This interrogatory does not call for a special finding upon a particular question of fact as contemplated by such statutory provision, but rather for a combined finding of fact and conclusion of law, which conclusion may or may not be drawn from findings of particular facts returned by the jury, and therefore should not have been submitted by the trial court."

It would seem that the special interrogatory requested is within the rule pronounced by the Supreme Court in these cases, in that the question of proximate cause is a mixed question of fact and law.

In the case of **Davison v Flowers, supra,** the syllabus is:

"Two requests for finding upon particular questions of fact were made by defendant:

(1) "Was the defendant negligent?—which the jury answered "Yes"—and

(2) "If your answer to defendant's request No. 1 is yes, state of what that negligence consisted." In view of the fact that more than one specific act of negligence was pleaded and relied on, the court committed error in refusing to submit said second request. Such request and the answer thereto relate to a finding upon a particular question of fact which is of an ultimate and determinative, and not of a probative, character."

The court held that the defendant's request to find what defendant's negligence consisted of was erroneously refused where the defendant was charged with more than one act of negligence.

There was more than one act of negligence charged in the instant case. Therefore, under this latest decision of the Supreme Court, a request to the jury to specially find if the defendant was negligent, and, if so, what the negligence consisted of, would have been a pertinent special interrogatory, which would have required submission to the jury. However, that is not the special interrogatory requested here. In view of the decisions in the Steel Company case and in the Lansinger case we will confine the proposition strictly to the question decided in the Davison case. The special interrogatory requested is not of the character passed upon by the Supreme Court in the Davison case. The special interrogatory requested was not whether or not the defendant was negligent, and, if so, in what respect. The sole question was, what was the proximate cause of such injury as you may find the plaintiff to have suffered. What answer would the jury make? A complete answer would be, the negligence of the defendants. This would test nothing. It would be the ultimate conclusion of the jury as to liability based upon law and fact.

Not feeling justified in extending the rule laid down in the cases of **Steel Company v Ianakis** and **Rubber Company v Lansinger, supra,** further than required by the decision in the Davison case, we are of opinion that the court did not err in refusing to submit the interrogatory.

Complaint is made of the general charge, in that it failed to charge the jury that before they could find against the Gradison Construction Company, they must find the

work being done was in fact dangerous. No specific request for further charge was made.

We are of opinion that the general charge covered the question involved, and if the plaintiff in error had desired a more elaborate charge, counsel should have so requested. There is no error of commission in failing to charge more fully on the point suggested.

We find no error in the record, prejudicial to the rights of the plaintiff in error, and the judgment of the Court of Common Pleas is affirmed.

ROSS, PJ and CUSHING, J, concur.