200

Clevenger, Appellant, *v.* Huling, Appellee.

[Cite as Clevenger v. Huling, 3 Ohio St. 2d 200.]

(No. 39114—Decided July 28, 1965.)

*Mr. Arlo L. Chatfield, Messrs. Rowland, Bridgewater & Gray* and *Mr. Erle Bridgewater, Jr.,* for appellant.

*Mr. Roger J. Jones, Jr.,* for appellee.

Brown, J. The court cannot agree with plaintiff's suggestion that defendant's failure to observe the requirements of Sec-

tion 4511.29, Revised Code, prohibiting driving to the left of center when overtaking and passing, combined with defendant's claimed failure to observe the requirement of Section 4513.15, Revised Code, requiring that his vehicular lights shall reveal "objects at a safe distance in advance of the vehicle," require a finding that the defendant's negligence was the sole proximate cause of the plaintiff's injury, under the facts of this case. If, as alleged by the defendant in his answer to the petition, as testified to in the trial and as found by the jury in its answer to the special interrogatory No. 5, the plaintiff was driving his motorcycle on the highway at night without lights, it is difficult to see how this fact can be disregarded in determining the cause of the accident.

Where in an action arising from a motor vehicle collision there is evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, a jury question exists as to whether such negligence of the plaintiff proximately contributed to the collision. *White* v. *Ohio Power Co.*, 171 Ohio St. 148.

Where a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly (Section 2315.17, Revised Code). The special finding of the jury in this case was that the plaintiff was negligently operating an unlighted vehicle and that the plaintiff's negligence in this regard proximately contributed to his injuries. Such a finding is, of course, inconsistent with a verdict granting damages to the plaintiff.

The form of the interrogatories is not defective since they are confined to findings "upon particular material allegations contained in the pleadings controverted by the adverse party," as provided in Section 2315.16, Revised Code. See, also, paragraph two of the syllabus, *Miller* v. *McAllister*, 169 Ohio St. 487. Under these pleadings we are of the opinion that paragraph four of the syllabus in *Davison* v. *Flowers*, 123 Ohio St. 89, is applicable. Reasonable minds cannot but agree that the plaintiff's unlighted motorcycle proceeding in the westbound lane and into collision with the defendant's car was, under the facts of this case, a contributing cause of the collision which resulted in

the plaintiff's injuries. The jury's answers to the interrogatories clearly find that the plaintiff was guilty of contributory negligence barring recovery.

In view of the language of Section 2315.16, Revised Code, the trial court under the circumstances of this case properly entered judgment for the defendant.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

TAFT, C. J., concurring. Prior to 1955 our statutes provided that, on request, the jury should "find upon particular questions of fact" and specified that "when a special finding of facts is inconsistent with the general verdict" it should control that verdict.

Prior to the decision of *Davison* v. *Flowers* (1930), 123 Ohio St. 89, this court had held that "the particular questions of facts 'contemplated by the statute are those, the answers to which will establish ultimate and determinative facts, and not such as are only of a probative character'" (123 Ohio St. 89, 95. See also *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.* [1950], 154 Ohio St. 154, 161, 162). Hence, the foregoing statutes had been of no use in the trial of negligence actions.

In paragraph four of the syllabus of *Davison* v. *Flowers, supra,* it is stated: "Two requests for finding upon particular questions of fact were made by the defendant. (1) Was the defendant negligent?—which the jury answered 'yes'—(2) 'If your answer to defendant's request No. 1 is yes, state of what that negligence consisted.' In view of the fact that more than one specific act of negligence was pleaded and relied on, the court committed error in refusing to submit said second request. Such request and the answer thereto relate to a finding upon a particular question of fact which is of an ultimate and determinative and not of a probative character."

204

 

To the same effect see paragraph two of syllabus in *Bradley* v. *Mansfield Rapid Transit, Inc., supra.*

These holdings apparently recognize the fact, of which we can take judicial notice, that in almost every petition in an action for negligence, the plaintiff alleges that the defendant was negligent in certain specific respects and that that negligence proximately caused the damages to the plaintiff. This is and has been done notwithstanding what is now Section 2309.04, Revised Code, which states that "* * * the petition * * * must contain * * * a statement of *facts* constituting a cause of action." (Emphasis added.)

The 1955 amendment to Section 2315.16, Revised Code, provided for findings "upon particular material allegations contained in the pleadings controverted by an adverse party." In my opinion, this was intended to codify and approve the law as previously declared by our court.

Certainly, where the adverse party raises no question as to the form of allegations in a pleading (by motion) and denies such allegations, he should be in no position to object to the submission of special interrogatories based upon such allegations on the ground that such allegations are not "material allegations contained in the pleadings" within the meaning of Section 2315.16, Revised Code. Likewise, a party, who makes allegations in a pleading, should not be in a position, when the opposing party seeks to have special interrogatories submitted with respect to such allegations, to contend that they are not "material allegations contained in the pleadings."