FRANK ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* VULCAN MATERIALS COMPANY, APPELLEE AND CROSS-APPELLANT. ■

(No. E-87-41—Decided November 10, 1988.)

*Dennis E. Murray* and *Kirk J.*

*Delli Bovi,* for appellants and cross-appellees.

*Raymond N. Watts,* for appellee and cross-appellant.

*Per Curiam.* This cause is before us on appeal from a final order of the Erie County Court of Common Pleas. The trial court's judgment conformed to the jury's verdict which found all issues in favor of defendant-appellee, the Vulcan Materials Company, and against plaintiffs-appellants, Richard Frank et al. In the proceedings below, appellants represented a class of plaintiffs that resided near appellee's secondary aluminum processing plant. Appellants alleged at trial that appellee's operation of its plant rendered appellee liable to the class for trespass and nuisance. In this action, all testimonial evidence was presented to the jury by videotape.

Having timely filed a notice of appeal, appellants assert the following assignments of error:

"Assignment of Error No. 1

"The trial court's charge to the jury, in this nuisance/trespass case, that the jury had to find in favor of the defendant unless plaintiffs proved, by a preponderance of the evidence, that defendant's conduct was unreasonable, was contrary to law and constituted prejudicial error.

"Assignment of Error No. 2

"The trial court's refusal to submit the videotaped trial testimony of plaintiffs' expert toxicologist and plaintiffs' expert environmental psychologist to the jury, announced two weeks after the start of the trial, constituted prejudicial error.

"Assignment of Error No. 3

"As applied to this case, the trial court's order that all of the evidence be recorded on videotape for presentation

to the jury, over plaintiffs' and defendant's objection, violated C.P. Sup. R. 12(B), Civ. R. 40, and plaintiffs' Ohio constitutional rights.

"Assignment of Error No. 4

"The trial court committed prejudicial error by allowing the videotape testimony of defendant's expert, C. E. Zimmer, to be played to the jury.

"Assignment of Error No. 5

"The trial court committed prejudicial error by initially ruling, at defendant's request, that the jury would return a separate verdict for each plaintiff, thus necessitating the videotaping, by plaintiffs, of at least one member of each plaintiff household, and then reversing its ruling after trial.

"Assignment of Error No. 6

"The announcement of a verdict by the jury before the exhibits were submitted to them, coupled with a reannouncement of the verdict within minutes after less than all of the exhibits were submitted to them, constituted reversible error."

Appellee raises the following as its sole cross-assignment of error:

"The court erred in submitting to the jury the issue of punitive damages."

Appellants' first assignment of error challenges the validity of the trial court's instructions regarding trespass and nuisance. When specific portions of a trial court's instructions are put at issue, an appellate court reviews the instructions as a whole. *Wagenheim* v. *Alexander Grant & Co.* (1983), 19 Ohio App. 3d 7, 19 OBR 71, 482 N.E. 2d 955, paragraph thirteen of the syllabus. Consequently, our review included an examination of the written interrogatories submitted to the jury. The trial court submitted four interrogatories to the jury before retiring it for deliberations. The interrogatories were not submitted together with appropriate forms for a general verdict.

The trial judge instructed the jury to answer only the four interrogatories during their initial deliberations. The jury was told they would be "asked" to render a verdict conforming to the interrogatories after the trial judge reviewed their answers. When the jury returned their answers to the court, the trial judge directed the jury to return a general verdict for appellee and against appellants.

Civ. R. 49(B) governs the use of jury interrogatories. The purpose of submitting written interrogatories to a jury is to "elicit facts whereby the correctness of the general verdict may be tested." *Davison* v. *Flowers* (1930), 123 Ohio St. 89, 96, 174 N.E. 137, 139. In the case *sub judice,* the interrogatories were not used to assess the correctness of the general verdict. Instead, they were used to *determine* the general verdict. We find that Civ. R. 49(B) does not permit trial courts to utilize interrogatories in this manner.

Civ. R. 49(B) provides that "* * * [w]hen one or more answers [to interrogatories] is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers * * *." Because courts presume that every term within a statute was inserted to accomplish some definite purpose, *Celebrezze* v. *Hughes* (1985), 18 Ohio St. 3d 71, 74, 18 OBR 102, 105, 479 N.E. 2d 886, 889, we conclude that Civ. R. 49(B) provides for inconsistent interrogatory answers to accomplish a definite purpose. Furthermore, we find that the statutory provision for inconsistency excludes the possibility that jury answers to interrogatories will always be consistent with their accompanying general verdicts (*expressio unius est exclusio alterius*). However, the trial court's interrogatory-verdict procedure precludes the chance of inconsistency because the answers to the interrogatories are

used by the the trial judge to direct the jury to render a particular verdict. This outcome contradicts the definite purpose of Civ. R. 49(B). Moreover, the procedure invades the function of the jury because the trial judge tells the jury which verdict to render. We conclude that this is reversible error and, therefore, find appellants' first assignment of error well-taken.

Our disposition of appellants' first assignment of error renders moot the issues raised under appellants' fifth and sixth assignments of error. Accordingly, appellants' fifth and sixth assignments of error are found not well-taken. However, we proceed to pass on appellants' second, third, and fourth assignments of error because the issues they raise are certain to reappear on remand.

Appellants' second and fourth assignments of error challenge rulings made by the trial court regarding the admission of expert testimony. Rulings concerning the admissibility of expert testimony are within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *King* v. *Branch Motor Express Co.* (1980), 70 Ohio App. 2d 190, 192-193, 24 O.O. 3d 250, 252, 435 N.E. 2d 1124, 1127. The standard for abuse of discretion implies an attitude by the trial court that is unreasonable, arbitrary, or unconscionable. *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61, 29 OBR 441, 443, 505 N.E. 2d 957, 959.

The trial court rendered its order striking the videotaped testimony of Dr. Forney and Dr. Veitch, experts for appellants, thirteen days after the date on which the jury first began viewing the videotapes for this case. The judgment entry denied appellants any opportunity to proffer alternative testimony. Moreover, the trial court did not indicate the nature of the defect that rendered appellants' expert testimony inadmissible. The timing of the judgment striking appellants' videotape and its lack of reasoning constituted an abuse of discretion. *Ruwe, supra.* Consequently, we find that the trial court erred in striking the testimony of Dr. Veitch and Dr. Forney. Accordingly, we find appellants' second assignment of error well-taken.

The trial court's refusal to strike the testimony of C. E. Zimmer, expert for appellee, was not an abuse of discretion. Appellants contended below that Zimmer's testimony should not have been submitted to the jury because appellants' counsel was unable to be present at the videotaping of Zimmer's direct examination. However, the trial court found appellants' objection to be without merit because appellants later cross-examined Zimmer. Likewise, on these facts, we fail to see how any substantial right of appellants were prejudiced. Accordingly, we find appellants' fourth assignment of error not well-taken.

Under the third assignment of error, counsel for appellants contends "[t]he Record could not be clearer that [appellants], like [appellee], from the start, objected to the videotape trial order."

However, appellee posits that appellants' contention "does not accurately reflect their pretrial position." After careful review of the record, we agree with appellee.

Civ. R. 40 enables the recording of all trial testimony on videotape for later presentation to a jury. A videotaped trial must be conducted in conformity with C.P. Sup. R. 12. Staff Note, Civ. R. 40. When a trial court orders videotaping in a case, it is understood that all testimony will be relayed to the factfinder by videotape because "[i]n videotape trials, videotape is the exclusive medium of presenting testimony irrespective of the

availability of the individual witness to testify in person." C.P. Sup. R. 12(B)(1).

In an appropriate case, the trial judge may order the recording of all testimony and evidence on videotape. C.P. Sup. R. 12(B)(2). By judgment entry filed on January 27, 1983, the trial judge ordered that the instant case be videotaped. When this order was rendered, C.P. Sup. R. 12(B)(1) made clear that the trial court intended for videotape to be the exclusive means for presenting testimony in this case. The judgment entry for videotaping further provided, "[i]f Counsel have any serious objections, please advise the Court in writing within ten days." This request provided the first, and best, opportunity for counsel to object to videotaping the instant case. Accordingly, appellee filed its objections. Appellants, however, filed no objections. Indeed, the record contains overwhelming evidence that appellants encouraged a videotaped trial. For example, two weeks before the trial court ordered videotaping, counsel for appellants filed a *"NOTICE* in Regard to Videotaping of Testimony." (Emphasis *sic.*) This notice provided as follows:

"[Appellee] will take notice that [appellants] will videotape testimony on Wednesday, April 27, 1983, commencing at 9:00 a.m. and continuing until 5:00 p.m. at the videotape studio of Murray & Murray Co., L.P.A., 300 Central Avenue, Sandusky, Ohio 44870, for purposes of submission to a jury as evidence in the above-captioned case."

Consequently, it is difficult for this court to accept appellants' contention that they objected to videotaping.

A party is not permitted to take advantage of an error which it invited the trial court to make. *Lester* v. *Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E. 2d 145, paragraph one of the syllabus. If the trial court erred by ordering videotaping in the instant case, it plainly did so at the invitation of counsel for the appellants. For example, a January 1985 memorandum filed by counsel for appellants pertinently provided that:

"[Appellants] would suggest * * * the Court * * * allow [appellants] to prerecord on videotape their *entire case in chief.* This would not only eliminate the problem of distinguishing between the liability and damages issues but would, of course, also benefit the [appellee] by allowing the [appellee] to hear [appellants'] entire case before commencing and recording its videotape testimony. Actually, this would greatly facilitate and simplify the trial in this case." (Emphasis added.)

Therefore, even if we assume the trial court erred, appellants' complaint is without merit. *Lester, supra.* Accordingly, we find appellants' third assignment of error not well-taken.

Appellee contends under its cross-assignment of error that the trial judge should not have submitted the issue of punitive damages to the jury. Although appellee concedes that the jury did not award punitive damages, appellee nevertheless "deems it prudent * * * to seek a ruling from this court on the propriety of the instruction to the jury in the first trial of the punitive damages issue." Generally, reviewing courts examine only those matters which are essential to the decision of the case under consideration. See 5 Ohio Jurisprudence 3d (1978) 73, Appellate Review, Section 519. Moreover, appellate courts are restrained from making premature declarations upon merely potential controversies. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 14, 51 O.O. 2d 35, 257 N.E. 2d 371, 372. Even though we are reversing the judgment of the lower court, it is uncertain in the future that punitive

damages will be at issue, or that the trial court will err in its instructions concerning punitive damages, or that a factfinder will make a finding different from that made by the jury in the case *sub judice.* Therefore, any pronouncement intended to satisfy appellee's request for a ruling would be premature. Accordingly, we find appellee's cross-assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings consistent with this decision. Costs to appellee.

*Judgment reversed*
*and cause remanded.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.