OPINION
Defendant Christopher J. Thrall appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of involuntary manslaughter in violation of R.C. 2903.04. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN NOT OFFERING THE JURY APPELLANT'S REQUESTED INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER BASED ON A MISDEMEANOR.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ARGUE AND PRESENT EVIDENCE REGARDING APPELLANT'S PRIOR BAD ACTS.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN PERMITTING THE STATE TO OFFER DR. STEINER'S TESTIMONY DURING TRIAL.
FOURTH ASSIGNMENT OF ERROR:
 THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
FIFTH ASSIGNMENT OF ERROR:
 OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
Appellant was originally charged with one count of murder in violation of R.C. 2903.02, in the death of his three-month old son, Justin. Appellant and his girlfriend, the baby's mother, lived in an apartment in Massillon, Stark County, Ohio. On July 22, 1997, the Jackson Township Fire Department was notified of a child who had stopped breathing at the apartment. EMS arrived to find appellant performing CPR on the child, but the child was pronounced dead in the emergency room at Massillon Community Hospital. At the scene, appellant gave a statement to the Jackson Township Police Department indicating the baby woke him with his crying. Appellant stated he fed the child, changed his diaper, and placed him in bed with the child's mother. Appellant told police he then left to go to work, but returned a couple hours later because he had not been needed. When he returned to the apartment, he found the mother had partially rolled over onto the baby, and had smothered him. In his written statement, appellant wrote he left the apartment to go to the bank and buy cigarettes, rather than going to work. Further investigation disclosed the Stark County Department of Human Services had visited the home approximately a month earlier in response to concerns about appellant's behavior towards the child. Eventually, appellant gave a statement admitting to smothering the child because of his frustration over the child's crying. The coroner determined Justin Thrall's death was caused by asphyxia.
 I
In his first assignment of error, appellant argues the trial court committed error by refusing to instruct the jury on the offense of involuntary manslaughter based on the underlying misdemeanor offenses, domestic violence and assault. The trial court did instruct the jury on involuntary manslaughter based on the underlying felony offense of child endangering, and on that basis, the jury returned its conviction. Appellant urges the trial court should have charged the jury regarding involuntary manslaughter based upon misdemeanor offenses, in addition to the felony charge the court gave the jury. Appellant asked the court for instructions on the misdemeanor counts, but did not submit the requested jury instructions in writing. Appellant argues the failure to permit the jury to consider the manslaughter charge based upon domestic violence and assault deprived the appellant of his constitutional right to due process. Appellant also points out the jury acquitted appellant of the murder charge, and convicted him on the lesser included offense.
The State cites State v. Fanning (1982), 1 Ohio St.3d 19, as authority for the proposition a request for jury instructions must be made in writing at the close of the evidence, unless the court reasonably directs an earlier time for proposed jury instructions to be submitted. If the proposed instructions on lesser included offenses are not made in writing, the error is waived on appeal, see State v. Tyler (1990), 50 Ohio St.3d 24.
The State concedes involuntary manslaughter is always necessarily a lesser included offense of murder because murder cannot be committed without also committing or attempting to commit either a felony or a misdemeanor, see State v. Kidder
(1987), 32 Ohio St.3d 279. However, the court is not required to charge on a lesser included offense unless the trier of fact could reasonably find against the State but for the accused on one or more elements of the crime charged, and in favor of the State on the remaining elements, which would sustain a conviction on the lesser included offense, but not on the greater offense, Id. In other words, the trial court must determine whether the facts warrant an instruction because the jury could reasonably conclude the evidence supports a conviction for the lesser offense but not the greater.
In State v. Champion (1924), 109 Ohio St. 281, the Supreme Court found a charge based on a misdemeanor is not appropriate in a homicide case unless there is reasonable doubt or evidence suggesting the force or violence used did not cause the death of the deceased.
The State argues there is no evidence on the record from which a jury could have reasonably concluded appellant was guilty of the misdemeanor offense, but not the felony offense underlying the conviction for involuntary manslaughter. We have reviewed the record, and we find the trial court did not err in overruling the oral motion for the jury instruction after appellant had failed to submit the request in writing. We further find in any case, the facts and circumstances of the case did not warrant such an instruction.
The first assignment of error is overruled.
 II
Appellant next argues the trial court should not have permitted the State to present evidence regarding prior bad acts. Ohio Evid.R. 404(B) prohibits evidence of other crimes or acts if offered to prove the character of a person in order to show the person acted in conformity with that character on a given occasion. The evidence is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. R.C.2945.59 parallels Evid.R. 404.
Appellant argues the prosecutor told the jury appellant was a bad man, and alluded to vague other acts irrelevant to the matter properly before the jury.
The State points out appellant does not cite to places in the record this evidence was admitted, and further argues appellant is vague regarding what the prejudicial and irrelevant material was. The State concedes it did introduce evidence of appellant's prior misconduct, namely, appellant's earlier inappropriate behavior towards his son. The State urges this evidence was admissible to demonstrate motive, intent, and absence of accident.
We have reviewed the record, and we find the evidence appellant was disturbed by Justin's crying, and made inappropriate responses to Justin's cries on earlier occasions was both relevant and admissible as tending to show absence of mistake or accident, as well as motive.
We find no error, and overrule the second assignment of error.
 III
In his third assignment of error, appellant challenges the admission of Dr. Steiner's testimony concerning the length of time it takes to suffocate a baby. Appellant argues the State did not produce an adequate foundation, and the court should have sustained appellant's objection to the opinions offered by Dr. Steiner.
The State points out the trial court has discretion to admit or exclude testimony, including expert testimony, and this court should not reverse unless we find an abuse of discretion, seeFrank v. Vulcan Materials Company (1988), 55 Ohio App.3d 153. The State argues it complied with Evid.R. 702 and 703, governing expert witnesses, when it offered this evidence.
Dr. Steiner testified he was an attending physician at the Department of Emergency Medicine at Akron Children's Hospital, as well as the medical director of the care center at the hospital. Dr. Steiner has investigated allegations of abuse and neglect and has testified as an expert on medical treatment and diagnosis of abused children. Dr. Steiner testified he reviewed the autopsy report, the ambulance run sheet, the emergency room records, and defendant's interview, in preparing to formulate his opinion. All of these documents were admitted into evidence. The doctor testified he has previously seen infants who were asphyxiated or suffocated, and also had relied on medical literature. The doctor testified it would have taken approximately eight minutes to suffocate Justin.
Evid.R. 702 provides a witness may testify as an expert if his testimony relates to matters beyond the knowledge and experience possessed by lay persons, he is qualified as an expert by virtue of his knowledge, skill, experience, training, or education, and his testimony is based on reliable scientific specialized information. Evid.R. 703 permits an expert to testify regarding an opinion or inference if it is based on facts or data perceived by him or admitted into evidence.
We have reviewed the record, and we find the trial court did not abuse its discretion in admitting Dr. Steiner's testimony. Accordingly, the third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant asserts his conviction is against the sufficiency and manifest weight of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the distinction between the concept of sufficiency of the evidence and the concept of manifest of the evidence. Sufficiency of the evidence refers to the legal standard applied by the trial court as a matter of law. By contrast, the weight of the evidence refers to the amount and credibility of the evidence presented on one side an issue. Weight of the evidence presents a factual determination for the jury, not the trial court. Appellant was convicted of involuntary manslaughter based on the underlying felony offense of endangering children.
The State argues at trial, appellant's trial strategy was to avoid the murder conviction, and appellant's strategy succeeded when the jury returned a conviction for involuntary manslaughter.
We have reviewed the record, and we find the evidence presented by the State was legally sufficient to support a conviction, and was not against the manifest weight of the evidence presented at trial.
The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant argues there were other errors committed at trial entitling him to reversal, and appellant invites us to review the record pursuant to Anders v.California (1966), 386 U.S. 738.
We have reviewed the record in this case, and we find it does not contain any error warranting a reversal of appellant's conviction or sentence. Accordingly, the fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.