DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a grant of summary judgment by the Lucas County Court of Common Pleas in favor of defendants-appellees, Marvin D. Kelley and A.B.C.O. Distributing. Plaintiff-appellant, Liza Gentry, appeals that judgment and sets forth the following assignments of error:
 "The trial court erred in granting appellee's [sic] summary judgment motion as it erroneously applied the standard to determine a violation of the assured clear distance statute, when the facts indicated that appellee failed to yield the right of way.
 "The trial court erred in granting appellee's [sic] summary judgment motion as it was premised upon the affidavit of a non-witness photographer who testified as to the distance at which appellant could first detect the presence of appellee in her lane of travel.
 "The trial court erred in granting appellee's [sic] summary judgment motion as it was premised upon opinion testimony of a fact witness who opined that appellant should have had sufficient time to stop her vehicle."
Pursuant to 6th Dist.Loc.App.R. 12(B), this cause is removed from the accelerated docket and assigned to our regular docket.
At approximately 7:00 p.m. on February 2, 1998, Liza Gentry was operating an automobile westbound on E. Alexis Road in Toledo, Lucas County, Ohio. Gentry had just exited Interstate I-75 and come over the crest of a railroad overpass that curves down to the intersection of E. Alexis and Hagman Roads when she saw a white tractor-trailer in the eastbound lane starting to turn northbound to Hagman Road from E. Alexis Road. Her view of the intersection was unobstructed. Gentry was traveling at a rate of forty to forty-five m.p.h. in the passing/through lane. It is undisputed that, at this time, the traffic signal at the intersection was green for westbound/eastbound traffic. According to Gentry, she attempted to stop her vehicle, but was unsuccessful. Gentry's vehicle collided with the ICC bar connected to the rear of the truck. There was another vehicle "a little bit" behind Gentry in the right/curb lane that did not collide with the tractor-trailer.
Gentry subsequently instituted the instant action seeking damages from Marvin Kelley, the driver of the tractor-trailer, and his employer, A.B.C.O. Distributing, for injuries she allegedly suffered as a result of the collision. Gentry claimed that Kelley failed to yield the right-of-way. Kelley, however, testified, in his deposition, that, even though it was raining very hard, he could see the top of the overpass from his position in the left-turning lane at the intersection of E. Alexis and Hagman. He maintained that prior to beginning to turn onto Hagman, he allowed all westbound through traffic to pass, looked and saw no other traffic coming toward him and commenced his turn. Kelley stated that he only felt a "nudge" when Gentry's vehicle struck the ICC bar at the rear of his truck.
Appellees filed a motion in which they argued that they were entitled to summary judgment because Gentry violated R.C. 4511.21 by failing to travel at a speed that would allow her to stop within an assured clear distance ahead. In support of their motion for summary judgment, appellees filed, among other things, the affidavit of Don Servais, a forensic photographer, and several photographs of the intersection of E. Alexis and Hagman Road.
The photographs depict, among other things, the westbound approach to the intersection of E. Alexis and Hagman Roads. It is undisputed that, pursuant to measurements made by Servais at the time he took photographs from the through lane of westbound E. Alexis Road, the top of the overpass is 1,373 feet east of the "west curb line of Hagman Road" and the downgrade of the overpass is 850 feet from "west curb line of Hagman Road." The intersection is clearly visible from this point.
Appellees also submitted the affidavit of an eyewitness, Beverly Van Vorce, who averred that even though it was raining, visibility was clear. Van Vorce also opined that Gentry had sufficient time to see the tractor-trailer, to slow down and to avoid the collision.
Gentry filed a memorandum in opposition and her own motion for partial summary judgment on the issue of liability. Gentry contended that Kelley was negligent as a matter of law because he violated R.C. 4511.42, Ohio's right-of-way statute. She further claimed that appellees were not entitled to summary judgment on the basis that she violated R.C. 4511.21
because (1) Gentry, by her own admission, was not good at judging distances and could therefore not be sure of the point at which she first saw Kelley's truck; (2) appellees did not establish the distance at which Gentry first saw Kelley's truck turning; and (3) Gentry attempted to avoid the collision by applying her brakes. Gentry never objected to the admissibility of either the measurements made by Servais or the opinion testimony made by Van Vorce in her affidavit.
Initially, the trial court denied both appellees' motion for summary judgment and Gentry's motion for partial summary judgment. However, upon appellees' motion for reconsideration, the court found that appellant failed to maintain an assured clear distance ahead and granted appellees' motion for summary judgment.
Our review of a summary judgment is de novo. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35. Under Civ.R. 56(C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. When a party moves for summary judgment, that party bears the initial burden of demonstrating that no genuine issue of material fact exists concerning an essential element of the nonmoving party's case. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. The moving party's motion for summary judgment must be supported by those parts of the record, for example, depositions and affidavits, that show that the nonmoving party has no evidence to support its claims. Id. at 293. If the moving party carries its initial burden, then the nonmoving party must rebut with specific facts showing that a triable issue of material fact does exist. Id.
In her first assignment of error, Gentry initially argues that the assured clear distance statute is inapplicable under the facts of this case. She contends, in essence, that R.C. 4511.21(A) cannot be employed in those instances where a collision occurs because a driver fails to maintain an assured clear distance from a vehicle that fails to yield the right-of-way in an intersection. We disagree.
R.C. 4511.21(A) provides that "no person shall drive any motor vehicle, * * * in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Violation of the assured clear distance ahead statute constitutes negligence per se. Pond v. Leslein (1995), 72 Ohio St.3d 50,52.
The seminal case setting forth the standard to be used in determining whether the assured clear distance statute was violated is McFadden v.Elmer C. Breuer Transp. Co. (1952), 156 Ohio St. 430. In McFadden,supra, at paragraph one of the syllabus, the Ohio Supreme court held that a party is negligent when: (1) "the object with which such operator collided was located ahead of him in his lane of travel;" (2) "such object was reasonably discernible;" and (3) "the object was (a) static or stationary, or (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured cleardistance ahead at a point sufficiently distant ahead of him to have madeit possible, in the exercise of ordinary care, to bring his vehicle to astop and avoid a collision." (Emphasis added.) Thus, the rule ofMcFadden is applicable to cases where the alleged violation of R.C.4511.21(A) occurs under the circumstances of this case. See Self v.Keeney Trucking, Inc. (Dec. 9, 1995), Lake App. No. 95-L-027, unreported.
Gentry asserts, however, that the case of Pallini v. Dankowski (1969),17 Ohio St.2d 51, is "on point" and precludes the application of the assured clear distance statute to a case where a defendant's vehicle makes a left turn at an intersection in front of the plaintiff's vehicle. In Pallini, the plaintiff claimed that she was stuck by the defendant's automobile as she crossed the street in a crosswalk. Id. at 52. The defendant argued that the plaintiff "suddenly and unexpectedly ran across the street, coming into contact with the left side of his automobile." Id. At the trial level, a jury found in the defendant's favor. Id.
The issue on appeal in Pallini was whether the trial court erred in refusing to give the jury an instruction on the defendant's purported violation of R.C. 4511.21. Id. at 53. The Ohio Supreme Court determined the limits of the meaning of the word "ahead" in R.C. 4511.21(A), and found that "ahead" included only those obstructions "to the front of and within the directional line of travel of a motorist who allegedly violates such statute." Id. at paragraph one of the syllabus. ThePallini court concluded that there was no evidence offered to warrant an instruction on a violation of the assured clear distance statute, that is, there was no evidence that the plaintiff was in front of and within the directional line of travel of the defendant's motor vehicle. Id. at 55.
Unlike Pallini, appellees' tractor-trailer was in front of and within the directional line of Gentry's motor vehicle. Thus, it was "ahead" of Gentry within the meaning of the statute. Likewise, and contrary to Gentry's assertion, this was not a collision between two vehicles coming from the opposite directions. Cf. Clevenger v. Huling (1964),4 Ohio App.2d 45, 49 affirmed (1965), 3 Ohio St.2d 200. Accordingly, the trial court did not err in applying the assured clear distance statute to this cause.
Gentry next argues that even if R.C. 4511.21(A) is applied to this cause, questions of material fact exist as to "whether appellant [Gentry] was `a reasonably discernible object' * * *." Presumably, Gentry means that there was a triable issue as to whether the white tractor-trailer was discernible — not her automobile.
Generally, in cases where a collision occurs at night or during weather conditions that reduce visibility, courts hold that a jury question exists as to whether the object the driver struck is "reasonably discernible." Pond v. Leslein, 72 Ohio St.3d at 52. Nonetheless, under certain circumstances (usually daylight hours and the absence of extraordinary weather conditions), a truck stopped on a highway in a driver's path can be deemed a reasonably discernible object as a matter of law. Id., quoting Smiddy v. The Wedding Party (1987), 30 Ohio St.3d 35, paragraph two of the syllabus.
In the present case, and despite the inclement weather, it is uncontradicted that Gentry saw the white tractor-trailer beginning its left turn across her lane of travel "as she started going down the hill [overpass]." Van Vorce swore that "visibility was clear." The trial court, using this information and the measurements made by the forensic photographer, found that Gentry was at least 850 feet from the tractor-trailer when she first saw it. Although Gentry stated that she was not "good at distances," she did provide a specific location where she first spied the tractor-trailer. Based on this evidence, as coupled with the photographer's measurements, we find that the trial court did not err in deeming the tractor-trailer a reasonably discernible object as a matter of law. The fact that Kelley did not see Gentry's vehicle prior to commencing his left turn does not affect the facts leading to this conclusion; Gentry admitted that she saw Kelley's truck — this fact is undisputed — and any supposed failure of Kelley to see her automobile does not render reasonable discernibility a jury question in this case. For the foregoing reasons, Gentry's first assignment of error is found not well-taken.
In her second assignment of error, Gentry first contends, in essence, that the trial court erred in considering the distances from various points, e.g., the top of the overpass, as measured by the forensic photographer, Servais. Gentry argues that Servais failed to explain how those distances were determined in his affidavit. Presumably, Gentry concludes that the measurements lack evidentiary value and could not be used by the trial court to decide whether a material issue of fact on the elements of R.C. 4511.21(A) existed for trial.
Under Civ.R. 56(C) a court may consider "pleadings, depositions, answers to interrogatories, written admissions, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." Any other documents must be incorporated by reference into a proper affidavit or otherwise certified in order to be considered for summary judgment purposes. Green v. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223, 228.
In the present case, Servais' affidavit swears that the attached photographs are "true and accurate representations of the intersection" of E. Alexis and Hagman Roads. The index of the numbered photographs states the placement of the camera at various points on E. Alexis Road in relationship to "the west curb line of Hagman Road." There is no indication in the affidavit or the "Photograph Index" as to how the distances between these points was determined. Nevertheless, Gentry failed to object to the admissibility of the photographer's measurements under Civ.R. 56. Therefore, the trial court could and did consider this evidence when it determined appellees' motion for summary judgment.Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680, 684 (citations omitted.).
Gentry next reiterates that based on the facts before it the trial court could not find that Kelley's truck was reasonably discernible as a matter of law. Gentry offers (1) the fact that visibility would be affected by the rain; (2) the fact that when she sighted the tractor-trailer, the position of Gentry's automobile was not pinpointed; and (3) the inference that Kelley should have seen Gentry if Gentry saw Kelley as specific facts creating a triable issue with regard to reasonable discernibility. As previously discussed, the evidentiary facts offered in support of the motion for summary judgment, when considered together, is uncontradicted on this issue. The alleged "facts" raised by Gentry lack the specificity to create a question of material fact as to discernibility. Accordingly, Gentry's second assignment of error is found not well-taken.
In her third assignment of error, Gentry asserts that the trial court erred in considering the opinions contained in the Van Vorce affidavit because they did not comport with Evid. R. 701. The trial court relied on the Van Vorce affidavit to find that Gentry "should have been able to slow down or stop her car without crashing into Kelley's truck."
Again, Gentry failed to object to the evidentiary value of the Van Vorce affidavit at the trial court level. Moreover, the trial court did not err in relying on Van Vorce's opinions.
Pursuant to Civ.R. 56(E), supporting and opposing affidavits on a motion for summary judgment must be predicated on personal knowledge, set forth such facts that are admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. "[W]here an affidavit containing opinions is made part of a motion for summary judgment, it is properly considered by a trial or reviewing court when it meets the requirements set forth in Civ.R. 56(E) and Evid.R. 701." Tomlinson v. City of Cincinnati (1983), 4 Ohio St.3d 66, paragraph one of the syllabus.
A lay witness may give opinion testimony if it is rationally related to the witness's perceptions and is helpful to clarify the witness's testimony or determination of a fact in issue. Evid.R. 701. In her affidavit, Van Vorce averred that she was stopped at a "red light on Hagman Road" and that "visibility was clear." Based on her perception of Gentry's motor vehicle as it came down the hill toward the intersection, Van Vorce stated that Gentry should have seen the tractor-trailer, that Gentry had enough time to slow down to allow Kelley to complete his left turn and that if Gentry had slowed down upon seeing the tractor-trailer, she could have avoided the collision. A lay person who has the opportunity for observation may, based on that observation, testify "whether it appeared to him or her that a car was moving slow enough to stop or whether a vehicle was far enough away from the intersection just prior to a collision to stop." Delisio v. Bryant (Apr. 26, 1996), Mahoning App. No. 94-CA-36, unreported. Accordingly, Gentry's third assignment of error is found not well-taken.
On consideration whereof, this court finds that the trial court did not err in granting summary judgment to Marvin D. Kelley and A.B.C.O. Distributing and dismissing Gentry's negligence claim. The judgment of the Lucas County Court of Common Pleas is affirmed. Liza Gentry is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., and Mark L. Pietrykowski, P.J. CONCUR.
Richard W. Knepper, J., dissents.