JOURNAL ENTRY AND OPINION
Leonard Hughes, the applicant, has filed an application for reopening pursuant to App.R. 26(B). Hughes is attempting to reopen the appellate judgment that was rendered in State v. Hughes (Jan. 21, 1999), Cuyahoga App. No. 73279, unreported, which affirmed his conviction for the offenses of murder (R.C. 2903.02), attempted murder of a peace officer (R.C. 2923.02
and 2903.11(B)), and having weapons while under disability (R.C. 2923.13). We decline to reopen Hughes' appeal for the following reasons.
App. R. 26(B)(1) and 26(B)(2)(b) provide that a showing of "good cause" must be established when an application for reopening is filed more than ninety days after journalization of the appellate judgment that is subject to reopening. Herein, the appellate judgment which affirmed Hughes' conviction for murder, attempted murder, and having weapons while under disability was journalized on February 1, 1999. Hughes filed his application for reopening on Jan 2, 2002, more than two years and ten months after journalization of the appellate judgment in State v.Hughes, supra. Hughes is thus required to establish "good cause" for the untimely filing of his application for reopening. State v. Winstead
(1996), 74 Ohio St.3d 277, 658 N.E.2d 722; State v. Wickline (1996),74 Ohio St.3d 369, 658 N.E.2d 1052.
Hughes argues that the lack of knowledge of the time constraints provided by App.R. 26(B), the inability to secure counsel, inadequate access to the record, and inadequate access to legal resources prevented the timely filing of his application for reopening. Lack of knowledge of App.R. 26(B), the inability to secure counsel, and inadequate access to the record and legal resources do not constitute "good cause" for the untimely filing of Hughes' application for reopening. State v. Reddick
(1995), 72 Ohio St.3d 88, 647 N.E.2d 784; State v. Collins (July 3, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984; State V. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, reopening disallowed (Mar. 18, 1997), Motion No. 79261; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Based upon a failure to establish good cause for the untimely filing of the application for reopening, we decline to reopen Hughes' appeal
Finally, a substantive review of the brief in support of Hughes' application for reopening fails to support the claim of ineffective assistance of appellate counsel. Upon appeal to this Court, Hughes' appellate counsel was not required to raise and argue assignments of error that were meritless. Jones v. Barnes (1983), 463 U.S. 745,103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal.Id; State v. Cumin (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. In addition, Hughes must establish the prejudice which resulted from the alleged deficient performance of appellate counsel. Finally, Hughes must also show that but for the alleged deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996),74 Ohio St.3d 534, 660 N.E.2d 456. Thus, in order for this Court to grant the application for reopening, Hughes must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
Hughes' first proposed assignment of error is that:
 THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY NOT RAISING THE ISSUE THAT TRIAL COUNSEL WAS INEFFECTIVE BY NUMEROUS FAILURES TO PROPERLY OBJECT THUS DEPRIVED (SIC) THE DEFENDANT OF EFFECTIVE ASSISTANCE.
Hughes has failed to delineate with specificity the alleged "numerous failures" of trial counsel to properly object during the course of trial and thus has failed to support his claim of ineffective assistance of appellate counsel. See App.R. 26(B)(2)(e), State v. Hamblin (1988),37 Ohio St.3d 153, 524 N.E.2d 476; State v. Balditt (April 24, 1997), Cuyahoga app. No. 70990, unreported. In addition, absent demonstration of prejudice, this court must indulge in a strong presumption that the failure to object at trial constitutes sound trial strategy. Stricklandv. Washington, supra; State v. Moore (1994), 97 Ohio App.3d 137646 N.E.2d 470. See, also, State v. Catlin (1990), 56 Ohio App.3d 75,564 N.E.2d 750.
Hughes' second proposed assignment of error is that:
 THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY NOT RAISING THE ISSUE THAT THE TRIAL COURT ALLOWED THE ADMISSION OF IRRELEVANT EVIDENCE CONCERNING ALLEGATIONS OF OTHER CRIMES, WRONGS OR OTHER ACTS COMMITTED BY THE DEFENDANT.
Hughes, through his second proposed assignment of error, argues that appellate counsel was ineffective on appeal by failing to raise as error the alleged admission of irrelevant evidence concerning other crimes, wrongs, or acts. R.C. 2945.59 allows the admission of "other acts" testimony where a defendant's motive, intent, scheme, plan, or system in doing a prior act is material and the "other acts" testimony tends to show his motive, intent, scheme, plan or system in doing the act in question. State v. DeMarco (1987), 31 Ohio St.3d 191, 509 N.E.2d 1256;State v. Lytle (1976) 48 Ohio St.2d 391, 358 N.E.2d 623. Herein, the "other acts" testimony as introduced at trial was permissible pursuant per R.C. 2945.59, since the "other acts" testimony was clearly used to demonstrate motive, intent, scheme, or plan by Hughes in committing the charged offenses of murder and attempted murder of a peace officer.
Hughes' third proposed assignment of error is that:
 THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY NOT RAISING THE ISSUE THAT THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO EXCLUDE THE OPINION OF EXPERT WITNESSES IN VIOLATION OF EVID.R. 702.
Hughes, through his third proposed assignment of error, argues that appellate counsel was ineffective by failing to raise as error the alleged failure of the trial court to exclude the expert testimony of the Cuyahoga County Coroner and Detective Rowley. The expert testimony, as provided by the Cuyahoga County Coroner and Detective Rowley, was relevant and reliable and related directly to the cause of death of the victim, vis-a-vis the details of the injuries suffered by the victim and the bullet fragments removed from the victim's body. The testimony of the Cuyahoga County Coroner and Detective Rowley was admissible and did not run afoul of Evid.R. 702. In addition, rulings concerning the admissibility of expert testimony are within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Frank v. Vulcan Materials Co. (1988),55 Ohio App.3d 153, 563 N.E.2d 339; State v. Courtney (1985),25 Ohio App.3d 12, 493 N.E.2d 472.
Hughes fourth proposed assignment of error is that:
 THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY NOT RAISING THE ISSUE THAT THE TRIAL COUNSEL WAS INEFFECTIVE BY NOT SECURING A FORENSIC/BALLISTIC EXPERT WITNESS FOR DEFENSE AND REQUEST FOR INDEPENDENT TESTING.
As previously discussed with regard to Hughes' second proposed assignment of error, this court will not attempt to second guess the strategy employed by counsel during the course of trial absent demonstration of prejudice which resulted from the employed strategy. Herein, Hughes has failed to demonstrate the existence of any prejudice which resulted from the alleged failure of trial counsel to employ a "forensic/ballistic" expert witness. Strickland V. Washington, supra;State v. Moore, supra; State v. Catlin, supra.
Not one of Hughes' four proposed assignments of error provides a basis to support the allegation that appellate counsel was deficient on appeal or that Hughes was prejudiced by the performance of appellate counsel. Accordingly, Hughes has failed to meet the standard for reopening an appeal as mandated by App.R. 26(B), and the application for reopening is denied.
TIMOTHY E. McMONAGLE, A.J., AND JAMES J. SWEENEY, J., CONCUR.