THE STATE OF OHIO, APPELLEE, *v.* TOMLIN, APPELLANT.

[Cite as *State v. Tomlin* (1992), 63 Ohio St.3d 724.]

(No. 91–2092—Submitted March 18, 1992—Decided May 27, 1992.)

*Gregory A. White,* Prosecuting Attorney, and *Michael J. Scherach,* for appellee.

*Bradley & Giardini Co., L.P.A.,* and *Jack W. Bradley,* for appellant.

HOLMES, J.  The sole issue certified to this court is whether the element of "chronic alcohol[ism]" enumerated in R.C. 2923.13(A)(4) may be established by testimony or other evidence provided by an individual other than a medical doctor.  For the reasons that follow, we answer such query in the affirmative.

R.C. 2923.13 provides, in pertinent part, with respect to having weapons under a disability:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

"* * *

"(4) Such person is drug dependent or in danger of drug dependence, or is a chronic alcoholic[.]"

The only definition for "alcoholism" found in the Revised Code, although not controlling in this case, is located in R.C. 3793.01(A), which provides in pertinent part:

"(1) 'Alcoholism' means the chronic and habitual use of alcoholic beverages by an individual to the extent that he no longer can control his use of alcohol or endangers the health, safety, or welfare of himself or others.

"(2) 'Alcoholic' means a person suffering from alcoholism."

In *State v. Hollar* (July 7, 1980), Lake App. No. 7–158, unreported, the Eleventh District Court of Appeals attempted to define the term "chronic alcoholic" as it is used in R.C. 2923.13(A)(4).  The *Hollar* court stated:

"The words 'chronic alcoholic' have common ordinary meanings.  The word 'chronic' is defined in Merriam–Webster Pocket Dictionary as 'marked by long

duration or frequent recurrence' and the word 'alcoholic,' according to the same dictionary, means 'a person addicted to excessive use of alcoholic liquors or affected with alcoholism.'" *Id.* at 3.

However, as this court observed in *Doyle v. Ohio Bur. of Motor Vehicles* (1990), 51 Ohio St.3d 46, 49, 554 N.E.2d 97, 100, "[t]here is * * * no precise, singular, all encompassing definition of 'alcoholism' which is appropriate in all situations or describes all persons who are alcoholic. An alcoholic is not susceptible to one definitive description." Rather, alcoholism is a disease which "reflects a collection of * * * behaviors that collectively make up as many alcoholics as there are alcohol abusers." Vaillant, The Natural History of Alcoholism (Harv.Univ.Press 1983) 3; *Doyle, supra,* at 49–50, 554 N.E.2d at 100–101.

Since the term "chronic alcoholic" cannot be precisely defined to cover all such persons, the issue is left to the trier of fact to determine. To this end, expert medical testimony may be helpful, and is sometimes necessary, in order to establish that a defendant is a chronic alcoholic for purposes of R.C. 2923.13(A)(4). However, expert medical testimony is not essential in every case.[1] In order to assist the trier of fact in determining whether an individual is a "chronic alcoholic" pursuant to R.C. 2923.13(A)(4), a medical or osteopathic physician, psychologist, or any health care professional who has been specifically trained or is experienced in providing treatment for or diagnosing alcoholism may testify as an expert witness where the trial court has preliminarily determined, under the facts of the particular case pursuant to Evid.R. 104(A), that the proposed witness is qualified to so testify.

Evid.R. 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." However, as a threshold to the introduction of expert testimony, the trial court must first determine if the expert is qualified under

---

1. In *State v. Soke* (1989), 65 Ohio App.3d 590, 584 N.E.2d 1273, the court held that "since alcoholism is a disease, its existence should be established by expert medical testimony." *Id.* at 595, 584 N.E.2d at 1276. We disagree.

Although alcoholism is a disease, its presence may be established in various ways. For example, alcoholism may be demonstrated by evidence of excessive work absences attributed to alcohol abuse, repeated citations for driving while under the influence of alcohol (see Ohio Adm.Code 4501:1–1–16[B]), or prior criminal offenses directly attributed to alcohol abuse (within the parameters of Evid.R. 404[B]). The trial court must decide on a case-by-case basis whether legally sufficient evidence has been presented by the state to establish the element of chronic alcoholism as provided in R.C. 2923.13(A)(4).

Evid.R. 104(A).[2] See *Kitchens v. McKay* (1987), 38 Ohio App.3d 165, 168–169, 528 N.E.2d 603, 606; *Wagenheim v. Alexander Grant & Co.* (1983), 19 Ohio App.3d 7, 18, 19 OBR 71, 83, 482 N.E.2d 955, 968; *State v. Wilson* (1982), 8 Ohio App.3d 216, 220–221, 8 OBR 288, 292, 456 N.E.2d 1287, 1292. "The qualification of an expert is a matter for determination by the court on the facts, and rulings with respect to such matters will ordinarily not be reversed unless there is a clear showing that the court abused its discretion." *State v. Maupin* (1975), 42 Ohio St.2d 473, 479, 71 O.O.2d 485, 488, 330 N.E.2d 708, 713; see, also, *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 148, 524 N.E.2d 881, 886; *State v. Williams* (1983), 4 Ohio St.3d 53, 4 OBR 144, 446 N.E.2d 444, syllabus; *Frank v. Vulcan Materials Co.* (1988), 55 Ohio App.3d 153, 155, 563 N.E.2d 339, 342.

As was noted by this court in *Alexander v. Mt. Carmel Medical Ctr.* (1978), 56 Ohio St.2d 155, 159, 10 O.O.3d 332, 334, 383 N.E.2d 564, 566, "It is a general rule that the expert witness is not required to be the best witness on the subject. * * * The test is whether a particular witness offered as an expert will aid the trier of fact in the search for the truth." (Citations omitted.)

In the case *sub judice*, Dr. Thomas Haglund, a clinical psychologist with the Walter G. Nord Center, was called to testify as an expert witness on behalf of the state. In reviewing his qualifications, we find from the record that he received his doctorate degree in 1976 from Ohio University in Athens, Ohio, and has been a licensed psychologist in Ohio since 1976. Also, Dr. Haglund received his training in alcoholism as a standard part of his graduate school curriculum, which also included some experience with diagnosis and treatment of individuals with addictions to alcohol or drugs. Furthermore, Dr. Haglund participated in a clinical internship at St. Elizabeth Hospital in Washington, a federal hospital with a forensic component. In the late 1970s, Dr. Haglund was involved in setting up an intervention program in Wooster, Ohio, for drunk driving offenders. While at his current position at the Walter G. Nord Center, Dr. Haglund has performed many court-ordered evaluations, including presentence and pretrial evaluations of individuals with alcoholism as a component of their clinical picture.

---

2. Evid.R. 104(A) provides in pertinent part:

"Preliminary questions concerning the qualification of a person to be a witness * * * shall be determined by the court * * *. In making its determination it is not bound by the rules of evidence * * *."

After reviewing Dr. Haglund's qualifications and the evidence submitted at trial,[3] we find no abuse of discretion by the trial court in allowing Dr. Haglund to testify as an expert witness on the subject of alcoholism or "chronic alcohol[ism]" as that term is used in R.C. 2923.13(A)(4).

Accordingly, for the foregoing reasons the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

3. We have noted from the record evidence submitted at trial concerning appellant's alcohol-related absences from work, driving while under the influence of alcohol, and testimony by individuals (such as police officers) who have had adverse contact with appellant while he was intoxicated.