MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant Dontez Martin appeals from his conviction, following trial to a jury, on two counts of aggravated robbery, each with a firearm specification, in violation of R.C.2911.01(A)(1). On July 1, 1997, Martin and an accomplice robbed two separate women at gunpoint in downtown Cincinnati. Both women were accompanied by their children at the time of the robberies. We have sua sponte removed this cause from the accelerated calendar.
Martin first contends that the trial court erred in refusing to permit his expert witness to testify concerning the inherent limitations of eyewitness testimony. While the trial court erroneously failed to qualify the expert despite defense counsel's thorough voir dire examination, the court ultimately did not abuse its discretion, as the expert's testimony was not needed to assist the jury in evaluating the eyewitnesses' testimony. State v.Buell (1986), 22 Ohio St.3d 124, 123, 489 N.E.2d 795, 804. Unlike in State v. Echols (June 26, 1998), Hamilton App. No. C-970272, unreported, the evaluation of testimony on the daylight identification of Martin by disinterested, non-victim witnesses, and by the victims themselves only minutes after the robberies, did not require the intervention of an expert witness. Evid.R. 702 and 704. A trial court's rulings on the admission or exclusion of expert testimony ordinarily will not be reversed absent a clear showing that the trial court abused its discretion.State v. Tomlin (1992), 63 Ohio St.3d 724, 727-728,590 N.E.2d 1253, 1256. The trial court did not abuse its discretion in refusing to permit the expert witness to testify. Evid.R. 403(B);State v. Echols. The first assignment of error is overruled.
The second assignment of error, in which Martin claims that the assistant prosecuting attorney committed reversible error by alleging that one eyewitness was bribed to recant his testimony, is overruled. The remarks by the prosecutor were improper, as no palpable evidence of bribery was admitted. Nonetheless, in light of the weight of the remaining, untainted evidence of guilt and the trial court's sustaining of defense counsel's strenuous objections, followed by its striking of the inflammatory question, we cannot say that the remarks prejudicially affected Martin's substantial rights. State v. Lott (1990), 51 Ohio St.3d 160,555 N.E.2d 293, certiorari denied (1990), 498 U.S. 1017,111 S.Ct. 591; State v. Hart (1994), 94 Ohio App.3d 665, 641 N.E.2d 755. Therefore, the prosecutor's comments did not substantially affect the outcome of the trial, and the error was harmless. State v.Slagle (1992) 65 Ohio St.3d 597, 605 N.E.2d 916.
Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Gorman, JJ.
To the Clerk:
Enter upon the Journal of the Court on September 3, 1999 per order of the Court _______________________________. Presiding Judge