OPINION
Defendant Vern Gray appeals the decision of the Court of Common Pleas of Greene County to sentence him to consecutive terms after he pled no contest to two counts of Gross Sexual Imposition.
Gray was indicted on December 17, 1998 by the Grand Jury of Greene County on two counts of Gross Sexual Imposition in violation of R.C. 2907.05 (A) (4). On May 11, 1999, Appellant entered a plea of no contest to the two counts with the State's recommendation of a two year sentence on Count One and five years of Community Control on Count Two to be served consecutively to Count One. Appellant agreed to this recommended sentence. The trial judge then found Appellant guilty on both counts.
A final disposition and sexual predator status hearing was held on September 20, 1999. Before imposing sentence, the trial court made the following findings:
 "The Defendant's history of criminal conduct demonstrates that consecutive type of sentencing is necessary to protect the public from future crime by the Defendant and that the shortest term would not adequately protect the public from future crime and that the Defendant poses a great likelihood of recidivism."
The trial court then imposed the agreed upon sentence of two years of incarceration for Count One and five years of community control for Count Two.
The trial court then proceeded to conduct the sexual predator hearing pursuant to R.C. 2950. Dr. David Roush, a psychologist, was qualified as an expert witness. Dr. Roush testified Appellant would likely commit sexual offenses again, based upon his testing and evaluation of the appellant. The trial court accepted Dr. Roush's conclusions and Appellant was classified as a sexual predator. This appeal followed., Appellant asserts three assignments of error:
 I. THE TRIAL COURT ERRED IN QUALIFYING DR. ROUSH AS AN EXPERT WITNESS BECAUSE HE DID NOT HAVE A LICENSE TO PRACTICE PSYCHOLOGY IN OHIO AT THE TIME OF HIS TESTIMONY.
 II. APPELLANT WAS UNAWARE HE WAS PLEADING NO CONTEST TO MORE THAN ONE COUNT OF GROSS SEXUAL IMPOSITION.
 III. THE SENTENCING OF APPELLANT WAS IMPROPER BECAUSE THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS AND PROVIDE REASONS FOR THOSE FINDINGS BEFORE IMPOSING CONSECUTIVE SENTENCES.
We first address Appellant's contention that Dr. Roush should not have been qualified as an expert because he was not licensed to practice psychology in Ohio at the time he testified. Appellant failed to object to the qualification of Dr. Roush as an expert at trial; therefore, his assignment of error must be reviewed under a plain error standard. Crim R. 52 (B) allows waived errors such as Appellant's to be considered by an appellate court if they rise to the level of plain error, i.e., "the error * * * must be of such nature that the outcome of the hearing clearly would have been otherwise but for the error." State v. Hannah (Dec. 15, 1998), Franklin App. No. 98AP-518, unreported at *2 citing State v. Long
(1978), 53 Ohio St.2d 91, 97.
Determining whether a witness is qualified to testify as an expert is a decision of the trial court pursuant to Evid.R. 104 (A), which states "preliminary questions concerning the qualification of a person to be a witness * * * shall be determined by the trial court." Scott v. Yates (1994), 71 Ohio St.3d 219,221. An appellate court will only interfere with that determination if the trial court abused its discretion in qualifying a witness as an expert. State v. Tomlin (1992),63 Ohio St.3d 724, 728. Evid.R.702 (B) provides that a "witness is qualified as an expert by virtue of specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." The witness need not have a special certification or license in order to qualify as an expert so long as the knowledge the witness imparts will aid the trier-of-fact in understanding the evidence or determining a fact in issue. SeeState v. Baston (1999), 85 Ohio St.3d 418, 423; State v. Boston
(1989), 46 Ohio St.3d 108, 119.
The record is replete with evidence Dr. Roush possessed the requisite knowledge, skill, experience, training, and education to testify as an expert about Appellant's potential for recidivism:
 Q: "Could you give us your background as to education and training that you have had to prepare you for this position?"
 "Sure. I have a Bachelor Degree in Psychology. Masters Degree in clinical counseling and doctorate in clinical psychology. I have trained with an institution in California which had a program that basically focuses on treatment of sexual offenders, as well as victims.
 I also trained at the Sexual Abuse Institute of Western Ohio, which also focuses on treatment of sexual offenders. And I have worked with sexual offenders since the year 1989. My internship during my doctorate program was at Warren Correctional Institution where I ran a sexual offender group and my dissertation was also on adult sexual offenders."
Clearly, Dr. Roush possessed the necessary education and training to testify as an expert in Appellant's sexual predator hearing even if he was not licensed as a psychologist in Ohio at the time he testified. The trial court did not err in qualifying him as an expert. Accordingly, Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant claims he was unaware he was pleading no contest to two counts of Gross Sexual Imposition. We find Appellant's claim hard to believe. Appellant signed a No Contest Petition that stated he was pleading no contest to two counts of Gross Sexual Imposition. There was no question Appellant understood what he was signing; he is literate and completed eleven years of school. In open court, at both the plea hearing and at the sentencing hearing, the trial court clearly explained to the Appellant that he was pleading to two counts of Gross Sexual Imposition. Appellant acknowledged to the trial court he understood what he was pleading to. For these reasons, Appellant's second assignment of error is overruled.
Lastly, Appellant argues the trial court erred in failing to make findings and offer the reasons behind those findings before imposing consecutive sentences on the Appellant. The State responds that Appellant can not raise the trial court's imposition of consecutive sentences on appeal because the sentences were agreed to by the Appellant. R.C. 2953.08 (D) governs this issue. The statute provides, in pertinent part:
 "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in case, and is imposed by a sentencing judge."
We have previously determined that a sentence is "authorized by law" when it is "well within the parameters set forth in the sentencing statutes." See State v. Powell (Jan. 22, 1999), Greene County App. No. 98 CA 33, unreported at *4. We are joined by other Ohio courts in deciding that a sentence is authorized by law under R.C. 2953.08 (D) when it does not exceed the maximum term proscribed by statute for the offense. State v. Kimbrough (March 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644, unreported at *3; State v. Byerly (Nov. 4, 1999), Hancock App. Nos. 5-99-26, 5-99-27, unreported at *2; State v. Amstutz (Nov. 8, 1999), Stark County Ap. No. 1999CA00104, unreported at *2; State v. Henderson
(Sept. 27, 1999), Warren County App. No. CA99-01-002, unreported at *2., Appellant was sentenced to two years of incarceration for one count of Gross Sexual Imposition, a felony of the third degree, and five years of Community Control for the second count. For a felony of the third degree, a court can impose a prison term of one, two, three, four, or five years. R.C. 2929.14 (A) (3). Clearly, the sentences imposed upon the Appellant are well within the parameters of the sentencing statute. Therefore, the sentences were authorized by law.
Furthermore, the sentences were "recommended jointly by the defendant and prosecution." In his No Contest Petition, Appellant agreed to the sentences recommended by the prosecution: two years of incarceration on Count One and five years of community control on Count Two, to be served consecutively to Count One. Lastly, the consecutive sentences were imposed by the sentencing judge.
Because the consecutive sentences were authorized by law, recommended jointly by the Appellant and the prosecution, and were imposed by the sentencing judge, Appellant can not raise the imposition of consecutive sentences as error on appeal. Judgment of the trial court is Affirmed.
 _____________________ BROGAN, J.
GRADY, P.J., and FAIN, J., concur.