OPINION
{¶ 1} This is an appeal from jury verdicts in Perry County, Ohio, convicting Appellant of two counts of aggravated vehicular homicide.
 STATEMENT OF FACTS OF THE CASE {¶ 2} Appellant, on February 28, 2004, was driving in a southerly direction on State Route 13 and his friend, Jason Baron, was operating another vehicle in the same direction. The State charged that both vehicles were traveling at an excessive rate of speed over the 55 M.P.H. posted limit.
 {¶ 3} At the intersection of State Route 13 and Township Road 312, a Neon automobile on the Township road started to cross State Route 13 in a westerly direction. The Neon was required to stop at a stop sign at such intersection before proceeding. It was operated by Jena Snider with Henna Mumford as her passenger.
 {¶ 4} In the southbound lane of State Route 13, the Neon was struck by both Appellant's vehicle and that of Jason Barron.
 {¶ 5} Both Ms. Snider and Ms. Mumford were killed in the accident.
 {¶ 6} The State alleged that the excessive speed was the cause of the accident and resulting deaths.
 {¶ 7} In addition to Appellant, Jason Barron was also indicted on the same aggravated vehicular homicide charges.
 {¶ 8} Appellant raises four Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 9} "1. THE COURT BELOW ERRED WHEN IT PERMITTED THE STATE TO INTRODUCE EVIDENCE FROM SENSING AND DIAGNOSTIC MODULES OVER DEFENDANT'S OBJECTION AND WITHOUT SUFFICIENT FOUNDATION TO INDICATE THE RELIABILITY OF THE SCIENTIFIC TESTIMONY, IN VIOLATION OF RULE 702, OHIO RULES OF EVIDENCE. IN THE ALTERNATIVE, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO OBTAIN THE SERVICES OF AN INDEPENDENT EXPERT TO CHALLENGE THE RELIABILITY OF THE SENSING AND DIAGNOSTIC MODULES AS IT RELATES TO SPEED OF THE VEHICLES. IN EITHER CASE, THE ADMISSION OF THE TESTIMONY DEPRIVED MR. WILSON OF A FAIR TRIAL AND DUE PROCESS OF LAW.
 {¶ 10} "2. THE COURT BELOW ERRED WHEN IT PERMITTED EXPERT TESTIMONY AS TO OPPORTUNITY FOR THE DODGE NEON TO CLEAR THE INTERSECTION PRIOR TO THE ACCIDENT AS THAT TESTIMONY WAS NOT SHOWN TO BE RELIABLE, IN VIOLATION OF RULE 702, OHIO RULES OF EVIDENCE. IN THE ALTERNATIVE, DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THIS TESTIMONY. IN EITHER CASE MR. WILSON WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS OF LAW.
 {¶ 11} "3. THE COURT BELOW ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM SENTENCE AND CONSECUTIVE SENTENCES IN VIOLATION OF R.C. §§ 2929.14(b),2929.14(E)(4), and 2929.19(B), BLAKELY V. WASHINGTON, (2004), ___ U.S. ___, 124 S.Ct. 2531, AND IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 12} "4. THE COURT BELOW ERRED WHEN IT FAILED TO PERSONALLY ADDRESS MR. WILSON AT SENTENCING AND AFFORD HIM THE OPPORTUNITY TO MAKE A STATEMENT TO THE COURT PRIOR TO SENTENCING."
 I. {¶ 13} The First Assignment challenges the introduction of evidence.
 {¶ 14} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. See:Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66; Rigby v. Lake Cty.
(1991), 58 Ohio St.3d 269, 271. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d.
 {¶ 15} Appellant asserts that the admission of the scientific evidence violated Evidence Rule 702.
 {¶ 16} Such Rule provides:
 {¶ 17} "A witness may testify as an expert if all of the following apply:
 {¶ 18} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 19} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 20} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 {¶ 21} "(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 {¶ 22} "(2) The design of the procedure, test, or experiment reliably implements the theory;
 {¶ 23} "(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."
 {¶ 24} This Court discussed admission of scientific evidence in AbonLtd v. Transcontinental Insurance Co., Richland App. No. 2004-CA-0029,2005-Ohio-3052:
 {¶ 25} "An extremely thorough and well researched analysis on the admissibility of scientific evidence in Ohio was conducted by the Fourth District Court of Appeals in Valentine v. Valentine (2001),158 Ohio App.3d 615, 2004-Ohio-4521, 821 N.E.2d 580, appeal allowed104 Ohio St.3d 1438, 2004-Ohio-7033, 819 N.E.2d 1122. In Valentine, the court noted: `[i]n general, courts should admit expert testimony whenever it is relevant and satisfies Evid.R. 702. State v. Nemeth (1998),82 Ohio St.3d 202, 207, 694 N.E.2d 1332; see, also, State v. Williams
(1983), 4 Ohio St.3d 53, 58, 4 OBR 144, 446 N.E.2d 444. Thus, the trial judge must perform a `gatekeeping' role to ensure that expert testimony is sufficiently (a) relevant and (b) reliable to justify its submission to the trier of fact. See Kumho Tire, 526 U.S. at 152, 119 S.Ct. 1167,143 L.Ed.2d 238; Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993),509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469; Nemeth,82 Ohio St.3d at 211, 694 N.E.2d 1332; Douglass, 153 Ohio App.3d 350,2003-Ohio-4006, 794 N.E.2d 107, at ¶ 32.
 {¶ 26} "In performing its gatekeeping function, the trial court's starting point should be Evid.R. 702, which provides that a witness may testify as an expert if all of the following apply: `(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons; (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; (C) The witness' testimony is based on reliable, scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply: (1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles; (2) The design of the procedure, test, or experiment reliably implements the theory; (3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.'
 {¶ 27} "* * * * The court made it clear in Kumho Tire Co. that the reliability analysis adopted in Daubert for scientific experts also applied to experts with other types of technical or specialized knowledge. But it is critical to realize that the analysis of reliability is flexible and its indicators may vary from discipline to discipline.Daubert, 509 U.S. at 593, 113 S.Ct. 2786, 125 L.Ed.2d 469; see, also,Moore v. Ashland Chem., Inc. (C.A.5 1997), 126 F.3d 679, at 686-688. Thus, the court should proceed in a two-step process that first identifies the indicators of reliability that are appropriate for the discipline involved and then applies them. . . .
 {¶ 28} "In order to determine reliability, a court must assess whether the reasoning or methodology underlying the testimony is valid. Miller,80 Ohio St.3d at 611, 687 N.E.2d 735, citing Daubert, 509 U.S. at 592-593,113 S.Ct. 2786, 125 L.Ed.2d 469. Thus, an expert may not base an opinion upon `subjective belief or unsupported speculation.' Daubert,509 U.S. at 590, 113 S.Ct. 2786, 125 L.Ed.2d 469; see, also, State v.Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, 2000 WL 249110. Instead, the expert's opinion must be based on methods and procedures that meet the level of intellectual rigor demanded by the relevant discipline. See In re: Paoli (C.A.3, 1994), 35 F.3d 717, 742, citingDaubert, 509 U.S. at 590, 113 S.Ct. 2786, 125 L.Ed.2d 469. The `[p]roposed testimony must be supported by appropriate validation-i.e., `good grounds,' based on what is known.' Daubert, 509 U.S. at 590, 113 S.Ct. 2786,125 L.Ed.2d 469. And `where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, * * * the trial judge must determine whether the testimony has a `reliable basis in the knowledge and experience of [the relevant] discipline.' 'Kumho, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238, quoting Daubert, 509 U.S. at 592, 113 S.Ct. 2786, 125 L.Ed.2d 469; see, also, Daniel J. Capra, The Daubert Puzzle (1998) 32 Ga.L.Rev. 699, 705 ('In deciding the question of admissibility, trial judges must consider the degree to which the accuracy of scientific information has been established. The less certain the scientific community is about information, the less willing courts should be to receive it'). In other words, `[s]cientific evidence and expert testimony must have a traceable, analytical basis in objective fact before it may be considered on summary judgment.' Bragdon v. Abbott (1998), 524 U.S. 624, 653,118 S.Ct. 2196, 141 L.Ed.2d 540; see, also, Gen. Elec. Co. v. Joiner
(1997), 522 U.S. 136, 144-146, 118 S.Ct. 512, 139 L.Ed.2d 508. However, [t]he grounds for the expert's opinion merely have to be good [;] they do not have to be perfect. Paoli, 35 F.3d at 744.
 {¶ 29} "A court resolving a reliability question should consider the `principles and methods' the expert used `in reaching his or her conclusions, rather than trying to determine whether the conclusions themselves are correct or credible.' Nemeth, 82 Ohio St.3d at 210,694 N.E.2d 1332; see, also, Miller, 80 Ohio St.3d 607, 687 N.E.2d 735, paragraph one of the syllabus. As the Daubert court stated, in assessing reliability, `[t]he focus * * * must [generally] be * * * on principles and methodology, not on the conclusions that they generate.' Daubert,509 U.S. at 595, 113 S.Ct. 2786, 125 L.Ed.2d 469.
 {¶ 30} "An appellate court should apply an abuse of discretion standard in reviewing a court's decision to admit or exclude expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Gen. Elec. Co. v. Joiner (1997),522 U.S. 136, 144-146, 118 S.Ct. 512, 139 L.Ed.2d 508."
 {¶ 31} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 32} The Ohio Supreme Court addressed the admissibility of expert testimony in two decisions rendered in 1998. These are Miller v. BikeAthletic Company (1998), 80 Ohio St.3d 607 and State v. Nemeth (1998),82 Ohio St. 3d 202.
 {¶ 33} In Miller, it stated:
 {¶ 34} "Expert testimony is not necessarily inadmissible because methodology used has not been generally accepted by scientific community or has not been subjected to peer review; rather, those are just factors for court to consider in determining reliability. (Per Sweeney, Sr., J., with two Justices concurring and one Justice concurring in result.) Rules of Evid. Rule 702.
 {¶ 35} "* * * * Trial court's role in determining whether expert's testimony is admissible focuses on whether opinion is based upon scientifically valid principles, not whether expert's conclusions are correct or whether testimony satisfies proponent's burden of proof at trial. Rules of Evid. Rule 702(C).
 {¶ 36} "Reliability requirement of Daubert for admissibility of expert testimony should not be used to exclude all evidence of questionable reliability, nor should court exclude such evidence simply because evidence is confusing; instead, there must be something that makes the scientific technique particularly overwhelming to laypersons for the court to exclude such evidence. (Per Sweeney, Sr., J., with two Justices concurring and one Justice concurring in result.) Rules of Evid. Rule 702(C).
 {¶ 37} In State v. Nemeth, it held:
 {¶ 38} "Scientific opinions need not enjoy general acceptance in the relevant scientific community in order to satisfy the reliability requirement of the rule governing the admissibility of expert testimony. Rules of Evid. Rule 702.
 {¶ 39} "There need not be any agreement in the scientific community regarding the expert's actual opinion or conclusion for expert testimony to satisfy the rule governing the admissibility of expert testimony. Rules of Evid. Rule 702.
 {¶ 40} In addressing this First Assignment of Error, we note that the expert for the State testified as to the speed of Barron's vehicle prior to the crash from the internal vehicle modules but not as to that of Appellant due to the lack of current modules, only as to rate of deceleration of 38 M.P.H. immediately prior to the crash. (Tr. 273-276).
 {¶ 41} The court conducted voir dire of such expert out of the presence of the jury prior to his testimony.
 {¶ 42} Counsel for Appellant, at the close of such voir dire, while not objecting to the qualifications of the expert objected to the introduction of testimony due to lack of foundation of the reliability of the modules.
 {¶ 43} He did not renew his objection during or at the end of such testimony and did not object to the introduction of the expert's reports.
 {¶ 44} Counsel for Barron did not object either to the testimony or report introduction.
 {¶ 45} The court overruled Appellant's objection as it was premised on the fact that not all vehicle manufacturers do not provide the capability to law enforcement to interpret the modules, and therefore, the module interpretation is not industry wide.
 {¶ 46} We disagree with Appellant's contention in the First Assignment in that the lack of industry wide policy of law enforcement cooperation does not reflect the capability or accuracy of the modules.
 {¶ 47} Further by lack of objection to trial testimony, lack of motion to strike and introduction of the expert's reports, a waiver occurred.
 {¶ 48} We note that appellant failed to object to Officer Veppert's testimony during trial. Under Evid.R. 103(A), error may not be predicated upon a ruling which admits evidence unless "a timely objection or motion to strike appears of record stating the specific ground of objection [.]" "An enduring principle of appellate review is that a party waives an error that it fails to preserve through an objection at trial." State v.Aldridge (1997), 120 Ohio App.3d 122, 154, 697 N.E.2d 228. Thus, appellant has waived this error on appeal.
 {¶ 49} Assuming arguendo that appellant had stated a proper objection and preserved this issue for appeal, it is clear that Officer Veppert's testimony was reliable and properly admitted. A trial court's ruling as to the admission or exclusion of expert testimony is within its broad discretion and will not be disturbed absent an abuse of that discretion.State v. Tomlin (1992), 63 Ohio St.3d 724, 728, 590 N.E.2d 1253. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. State v. Bresson (1990), 51 Ohio St.3d 123, 129,554 N.E.2d 1330.
 {¶ 50} As stated previously, Evid.R. 702 governs the admissibility of expert witness testimony, to wit:
 {¶ 51} "A witness may testify as an expert if all of the following apply:
 {¶ 52} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 53} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 54} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 {¶ 55} "(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 {¶ 56} "(2) The design of the procedure, test, or experiment reliably implements the theory;
 {¶ 57} "(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
 {¶ 58} Officer Veppert's testimony clearly established his qualifications as an expert in the field of in-vehicle modules. In fact, no objection was made as to his qualifications. Also, as to reliability of the modules, he had subjected them to testing by vehicle crashes.
 {¶ 59} In Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 611,687 N.E.2d 735, the Supreme Court of Ohio adopted the following four reliability factors first articulated in Daubert: (1) whether the theory or technique has been tested; (2) whether it has been subjected to peer review; (3) whether there is a known or potential rate of error; and (4) whether the methodology has gained general acceptance. See, also,Daubert at 593-594.
 {¶ 60} Although the following factors were determined to be useful in testing a theory or a procedure's reliability, the reliability requirement of Evid.R. 702(C) is a "threshold determination," focusing on the scientific evidence and its underlying principles, not on the accuracy of the ultimate conclusions. Daubert at 595; Miller at 611-612,687 N.E.2d 735. "[T]he reliability requirement of Daubert should not be used to exclude all evidence of questionable reliability, nor should a court exclude such evidence simply because the evidence is confusing."Miller at 614, 687 N.E.2d 735. Instead, the "`ultimate touchstone is helpfulness to the trier of fact, and with regard to reliability, helpfulness turns on whether the expert's "technique or principle [is] sufficiently reliable so that it will aid the jury in reaching accurate results."'" Id., quoting DeLuca v. Merrell Dow Pharmaceuticals, Inc.
(C.A.3, 1990), 911 F.2d 941, 956, quoting 3 Weinstein's Evidence (1988) 702-35, Section 702[3].
 {¶ 61} The second aspect of the First Assignment reflects incompetency of counsel.
 {¶ 62} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra.
 {¶ 63} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 64} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 65} We find that the severity of the impact clearly indicates that trial strategy could have played a part in the choice by trial counsel to avoid the attempt to discredit the reliability of the module. As to Appellant, as opposed to Mr. Barron, speed was not testified to by the expert but reduction of speed.
 {¶ 66} We fail to find inadequacy of representation or that Appellant was prejudiced as excess speed prior to the crash was presented by Mr. Post, Appellant's passenger.
 {¶ 67} The First Assignment, in both aspects, is denied.
 II. {¶ 68} As to the Second Assignment of Error, those aspects discussed under our opinion as to the First Assignment such as foundation and admissibility of expert opinion, waiver and competency of counsel are also applicable to this Assignment and shall not be repeated.
 {¶ 69} It should be noted that Trooper King made each of his calculations without having access to the module information but from personal view of the vehicles and measurements. (Tr. 425). Appellant objects to the fact that his results were based upon assumptions of fact but such opinions were based upon these calculations, measurements, his training and experience. Since the testimony of experts is almost always based upon assumptions, we must reject such objection.
 {¶ 70} As to the validity of such opinions, the trier of fact has the principal responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v.Jamison (1990), 40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 71} The jury could, in evaluating such opinions in deliberation also consider the fact that excess speed and location of the Wilson and Barron vehicles was corroborated by Mr. Post, a passenger and owner of the Appellant's vehicle.
 {¶ 72} Again as to competency of counsel, we fail to see that the lack of objections would have changed the result of the trial and may have had an adverse effect, considering the devastating impact and speed.
 {¶ 73} The Second Assignment is overruled.
 III. {¶ 74} The Third Assignment of Error questions the lack of imposition of the minimum consecutive sentences.
 {¶ 75} First, we have rejected the application of Blakely Vs.Washington, (2004), 542 U.S. 296, 124 S.Ct. 2531 previously as the sentences were within the statutory range and not enhanced.
 {¶ 76} We further find that the court made on the record sufficient findings as required by State v. Comer (2003), 99 Ohio St.3d 463. (Tr. 23-24 of sentencing transcript). The reasoning of the court is not required. State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 77} Therefore, the Third Assignment is rejected.
 IV. {¶ 78} The Fourth Assignment questions the lack of statements by Appellant.
 {¶ 79} Criminal Rule 32(A) provides:
 {¶ 80} "A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
 {¶ 81} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 {¶ 82} "(2) Afford the prosecuting attorney an opportunity to speak;
 {¶ 83} "(3) Afford the victim the rights provided by law;
 {¶ 84} "(4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."
 {¶ 85} R.C. 2929.29(A)(1) states:
 {¶ 86} "The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."
 {¶ 87} We agree with Appellee that Appellant, if asked, may not have added to the statements on his behalf by the witnesses and his counsel.
 {¶ 88} However, the above Criminal Rule 32(A) and R.C. § 2929.29
required the court to inquire of Appellant personally as to any statements he personally wished to make. See also, State v. Campbell
(2000), 90 Ohio St.3d 320.
 {¶ 89} Therefore, we sustain this Fourth Assignment and remand this cause for re-sentencing in accordance herewith.
 {¶ 90} Costs to Appellant.
Boggins, P.J. Wise, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas, General Division, is affirmed in part, reversed in part and remanded for re-sentencing.
Costs to Appellant.